**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT DIRAFFAEL,

Plaintiff - Appellant,

v.

CALIFORNIA MILITARY
DEPARTMENT; et al.,

Defendants - Appellees.

No. 12-57200

D.C. No. 2:10-cv-07240-DDP-
VBK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted February 10, 2015[**]
Pasadena California

Before: CALLAHAN, WATFORD, and OWENS, Circuit Judges.

Robert DiRaffael appeals the district court's denial of his motions under

Federal Rules of Civil Procedure 60(b) and 59(e), which challenged the dismissal

of his complaint for lack of subject matter jurisdiction due to failure to exhaust

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

administrative remedies. DiRaffael's complaint sought "due process" after he tested positive for illegal drug use and the California Military Department initiated involuntary separation proceedings against him. Because the parties are familiar with the facts and procedural history, we do not restate them except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. An appeal is moot if we can no longer grant effective relief. *See, e.g.*, *Sandidge v. Washingon*, 813 F.2d 1025, 1025–26 (9th Cir. 1987) (citation omitted). DiRaffael's claims are based in part on the California Military Board's initiation of involuntary separation proceedings. After DiRaffael filed his petition, the Withdrawal of Federal Recognition Board ("WOFR Board") determined that there was insufficient evidence that he had illegally used a drug and determined that DiRaffael had not "engaged in moral or professional dereliction." DiRaffael was thus retained as a member of the California Army National Guard and his federal recognition was not withdrawn. As DiRaffael prevailed at the WOFR Board hearing, his claims based on the initiation of separation proceedings are moot.[1]

---

[1] Appellees' Motion for Judicial Notice filed October 28, 2013 is GRANTED. Any claims DiRaffael may have based on the National Guard's later determination not to retain DiRaffael pursuant to its selective retention program are not before us on this appeal.

2

2. To the extent DiRaffael's claims are not moot, we affirm the district court's determinations.[2] The district court did not abuse its discretion in denying DiRaffael's motion for relief under Rules 60(b)(3) and 60(b)(4). *See Lemoge v. United States*, 587 F.3d 1188, 1191–92 (9th Cir. 2009). Under Rule 60(b)(3), the movant must show by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct. *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878–79 (9th Cir. 1990). The district court did not abuse its discretion in finding no fraud, misrepresentation, or other misconduct by the Appellees.

Under Rule 60(b)(4), a judgment may be set aside as void for lack of jurisdiction generally "only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). The judgment was not void under Rule 60(b)(4) for lack of jurisdiction. At the time the case was removed, Appellee Kight was a member of both the California National Guard and National Guard of the United States and Kight alleged, and the district court found,

---

[2]It is not entirely clear what remedies DiRaffael sought at the district court aside from terminating the separation proceedings. We express no opinion as to whether any other remedies might have been available had he prevailed at the district court.

that the claim was made against her "on account of an act done under color of [her] office or status." Thus there was an arguable basis for jurisdiction under 28 U.S.C. § 1442a. The fact that the district court determined that dismissal was proper due to DiRaffael's failure to exhaust administrative remedies did not divest the district court of removal jurisdiction under 28 U.S.C. § 1442a.

The district court also did not abuse its discretion in denying DiRaffael's motion for relief under Federal Rule of Civil Procedure 59(e). *See Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001). Amendment of a judgment is appropriate under Rule 59(e) if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Id.* at 740. There was no newly discovered evidence, clear error, or intervening change in controlling law which would have mandated relief under Rule 59(e).

AFFIRMED.