[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13565
Non-Argument Calendar
_____

D.C. Docket No. 3:06-cv-00095-LGW-BKE

MATTHEWS, WILSON & MATTHEWS, INC.,

Plaintiff,

SAMANTHA D. WATKINS,

Plaintiff-Appellant,

versus

CAPITAL CITY BANK,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(June 1, 2015)

Before MARTIN, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Samantha Watkins, as the sole appellant and proceeding *pro se*,[1] appeals the district court's denial of her motion to vacate a summary judgment in a wrongful-foreclosure action.  The motion to vacate mentions Rules 60(b) and (d) of the Federal Rules of Civil Procedure. Briefly stated, she argues that Capital City Bank illegally foreclosed on certain properties, lied to the court and fabricated evidence, and conspired with her attorney to work against her.[2]  A final judgment is not to be lightly disturbed.  And the burden of persuasion is on the movant.  No reversible error has been demonstrated, including no abuse of discretion has been shown.

---

[1] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action. *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).  Moreover, *pro se* litigants are still required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

[2] Watkins also argues for the first time in her reply brief (1) that Capital City Bank acted in bad faith in filing a claim in bankruptcy court; and (2) that a district court judge (different from the judge assigned to this case) committed various acts of misconduct.  We will not consider arguments raised for the first time in an appellant's reply brief. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014).

2

We typically review the district court's denial of a Rule 60(b) motion for an abuse of discretion, but we review a ruling on a motion made under Rule 60(b)(4) *de novo*. *Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 736 (11th Cir. 2014). To demonstrate an abuse of discretion, the appellant "must demonstrate a justification so compelling that the court was required to vacate its order." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993).

Rule 60(b) of the Federal Rules of Civil Procedure allows a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void; [or]
>
> . . . .
>
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b)(1)–(4), (6). A motion under Rule 60(b) is limited by the time requirements of Rule 60(c)(1); so, the motion "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the

3

judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1). This time may not be extended. Fed.R.Civ.P. 6(b)(2).

Most of the reasons Watkins has asserted for Rule 60 relief were asserted years too late. Moreover, Watkins has failed to demonstrate that she satisfied the criteria for relief under Rule 60(b)(2). *See In re Global Energies, LLC*, 763 F.3d 1341, 1347 (11th Cir. 2014) (To obtain relief under Rule 60(b)(2), the moving party must demonstrate that (1) the new evidence was discovered after the judgment was entered, (2) she exercised due diligence in discovering that evidence, (3) the evidence was not merely cumulative or impeaching, (4) the evidence was material, and (5) the evidence was likely to produce a different result). Watkins has also failed to show, through clear and convincing evidence, that Capital City Bank's alleged conduct prevented her from fully and fairly presenting her case or defense, as required by Rule 60(b)(3). *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978).

Rule 60(b)(4) applies only in the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction or if a violation of due process deprived a party of notice or the opportunity to be heard. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271, 130 S.Ct. 1367, 1377, 176 L.Ed.2d 158 (2010); *Stansell*, 771 F.3d at 736. Even if the underlying judgment

4

here was erroneous, that judgment is not void.  This ground is especially inapplicable, given the record.

Rule 60(b)(6) is a residual clause that applies only to cases that do <u>not</u> fall into other subsections of Rule 60(b). *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275 n.4 (11th Cir. 2008).  So, this ground is inapplicable, given the allegations and evidence.  Furthermore, relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and "[t]he party seeking relief has the burden of showing that absent such relief, an extreme and unexpected hardship will result."  *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (quotations omitted).

While a motion under Rule 60(b)(3) for fraud must be brought within one year, an independent action brought under Rule 60(d) for fraud on the court is not so limited.  *See* Fed.R.Civ.P. 60(d); *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985) (noting that an independent action does not contain a rigid time limitation).  But laches does apply.

Proper resorts to independent actions are rare.  Relief for fraud on the court under Rule 60(d)(3) is a narrow doctrine and constitutes "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases."  *Travelers Indem. Co.*, 761 F.2d at

5

1551.  Neither perjury nor fabricated evidence constitutes fraud upon the court, since both can and should be exposed at trial. *Id.* at 1552.  "Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court." *Rozier*, 573 F.2d at 1338.  Wrongs between the parties, in themselves, are almost always insufficient to show the grave miscarriage of justice needed to support independent action.  Plaintiffs may not "use an independent action as a vehicle for the relitigation of issues." *Travelers Indem. Co.*, 761 F.2d at 1552.  The record here does not trigger Rule 60(d)(3), even if raised in an independent action.

Rule 60(d)(1) "preserves a court's historical equity power to entertain an independent action to relieve a party from a judgment, order, or proceeding," but is "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1359 (11th Cir. 2014) (emphasis added) (quoting *United States v. Beggerly*, 524 U.S. 38, 46, 118 S.Ct. 1862, 1867, 141 L.Ed.2d 32 (1998)) (quotations omitted).  As such, relief is available only if required to "prevent a grave miscarriage of justice." *Id.*  The following elements are required for relief under Rule 60(d)(1):

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented

the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any remedy at law.

*Id.* Especially given the adequacy and availability of relief by a motion to vacate (if timely and otherwise meritorious), no independent action is justified here.

**AFFIRMED.** [3]

---

[3] We believe a separate independent action was ultimately filed.  But the appeal from that action is not before us here.