# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued February 25, 2021          Decided August 20, 2021

No. 20-5085

LEE MEMORIAL HOSPITAL, ET AL.,
APPELLANTS

BILLINGS CLINIC, ET AL.,
APPELLEES

v.

XAVIER BECERRA, SECRETARY, U.S. DEPARTMENT OF HEALTH
AND HUMAN SERVICES,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:13-cv-00643)

———

*Keith R. Bradley* argued the cause for appellants. With him on the briefs was *Sven C. Collins.*

*Benjamin M. Shultz*, Attorney, U.S. Department of Justice, argued the cause for appellee. With him on the brief were *Jeffrey Bossert Clark*, Acting Assistant Attorney General at the time the brief was filed, and *Michael S. Raab*, Attorney.

Before: SRINIVASAN, *Chief Judge*, MILLETT, *Circuit Judge*, and RANDOLPH, *Senior Circuit Judge.*

Opinion for the Court filed by *Chief Judge* SRINIVASAN.

Concurring opinion filed by *Senior Circuit Judge* RANDOLPH.

SRINIVASAN, *Chief Judge*:  Eight years ago, a number of hospitals brought a suit challenging the Department of Health and Human Services' methodology for calculating certain Medicare payments.  Throughout those proceedings, the hospitals contended that the district court had jurisdiction to consider their suit, and they thus urged both the district court and our court to resolve the merits of their challenge.  Both courts did so, ultimately ruling against the hospitals on the merits.  *Billings Clinic v. Azar*, 901 F.3d 301, 311 (D.C. Cir. 2018).

Having persuaded both the district court and our court to reach the merits of their challenge but neither court that they should prevail, some of the hospitals now reverse course and contend that the district court lacked jurisdiction to entertain their challenge after all.  Those hospitals now maintain that the judgment against them should be deemed void due to the supposed lack of jurisdiction to have issued it.

The district court declined to give effect to the hospitals' about-face, and so do we.  In order for the hospitals to prevail in showing that the now-final judgment against them was void because the district court ostensibly lacked jurisdiction to enter it, they would need to show that there was not even an arguable basis for that court's conclusion—at the urging of the hospitals themselves—that jurisdiction existed over their challenge.  The hospitals fail to make that showing.

I.

Our court set out the background of this litigation in detail in *Billings Clinic*, 901 F.3d at 303–12. By way of summary, in 2013, a number of acute-care hospitals challenged the amount of so-called Medicare "outlier" payments they had received from the Department of Health and Human Services for the years 2008-2011. *Id.* at 311–12. The hospitals sought review before the Department's Provider Reimbursement Review Board, the administrative tribunal charged with reviewing such claims. *Id.* at 311; 42 U.S.C. § 1395oo(a).

A hospital can seek judicial review of a "final decision" of the Board. 42 U.S.C. § 1395oo(f)(1). Additionally, if a hospital's claim "involves a question of law or regulations relevant to the matters in controversy" that the Board "is without authority to decide," the hospital can ask the Board to grant "expedited judicial review" (EJR), which allows the case to proceed directly to district court. 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. § 405.1842; *Billings Clinic*, 901 F.3d at 311–12.

The hospitals challenging their 2008-2011 Medicare outlier payments each requested EJR from the Board on the ground that the Board lacked authority to resolve their claims. *Billings Clinic*, 901 F.3d at 312. While the Board granted most of the EJR requests, it dismissed the claims of a subset of the hospitals for failing to comply with certain agency filing procedures. In light of the dismissal, the Board declined to grant EJR to those hospitals.

That subset of hospitals, who are now the appellants here, then filed a suit against the Department in district court. Appellants contended that the Board's dismissal of their claims was a "final decision" subject to judicial review. If the court agreed, appellants urged the court not to remand their cases

back to the Board but rather to proceed to resolve the merits of their challenge to the Department's rules for Medicare outlier payments. Appellants argued that a remand to the Board would be pointless because the Board would "simply grant EJR" and send their claims right back to the district court for resolution of the merits. Compl. ¶ 9, J.A. 169. The Department agreed with that approach.

The district court held that the Board had lacked authority to resolve appellants' challenges—the triggering condition for the Board's granting of EJR—and that the court could proceed to consider the merits of their challenges pursuant to the EJR provision in § 1395oo(f)(1) without the need for any remand to the Board. The other hospitals (who, unlike appellants, had been granted EJR by the Board) then joined with appellants in together filing a second amended complaint seeking vacatur of the challenged Medicare outlier rules.

The district court rejected the hospitals' challenge, granting summary judgment to the Department. *Lee Mem. Health Syst. v. Burwell*, 206 F. Supp. 3d 307, 336 (D.D.C. 2016). The hospitals appealed. *Billings Clinic*, 901 F.3d at 312.

During the pendency of the appeal, our court decided *Allina Health Servs. v. Price*, 863 F.3d 937 (D.C. Cir. 2017), *aff'd sub nom. Azar v. Allina Health Servs.*, 139 S. Ct. 1804 (2019). *Allina Health* addressed whether the district court had correctly concluded that it could address the dispute at issue in that case or instead should have remanded the matter to the Board. *Id.* at 941–42. *Allina Health* explained that "[t]he statute conditions expedited judicial review in the district court on the existence of [a] no-authority determination" by the Board. *Id.* at 941. As a result, *Allina Health* raised questions about the validity of the district court's rationale in *Billings*

*Clinic* for exercising jurisdiction over the merits of appellants' claims—i.e., the claims dismissed by the Board without granting EJR—absent a remand to the Board.

The hospitals addressed the implications of *Allina Health* for our court's consideration of appellants' claims during the oral argument before our court in *Billings Clinic*. The hospitals advanced two alternative theories under which we would have jurisdiction to consider the merits of appellants' claims.

The first theory was that, regardless whether the district court correctly exercised jurisdiction over the merits of appellants' challenges, there was at least one hospital with a valid EJR certification for each of the payment years in question. And because the hospitals all sought identical, non-individualized relief, they argued, we could address the merits of their common challenges without resolving whether the district court specifically had jurisdiction over appellants' claims. The hospitals' second theory was that, even if the district court otherwise would have been obligated to send appellants' challenges back to the Board to permit the Board to grant EJR, any such requirement was waivable and the Department had expressly waived it.

Our decision in *Billings Clinic* adopted the hospitals' first theory and did not reach the second. 901 F.3d at 312. We explained that we did not need to resolve whether the district court had jurisdiction over appellants' claims because there were at least some other hospitals with valid EJR grants covering all the hospitals' common claims for all the relevant years. *Id.* We thus reached the merits of those claims, affirming the district court's grant of summary judgment to the Department. *Id.* at 313, 315.

6

That, though, did not prove to be the end of the matter. More than a year after our mandate issued in the *Billings Clinic* appeal, appellants filed a motion in the district court under Federal Rule of Civil Procedure 60(b)(4), asking the court to vacate its grant of judgment to the Department in the *Billings Clinic* litigation. Rule 60(b)(4) allows a court to grant relief from a final judgment on the ground that "the judgment is void." Fed. R. Civ. P. 60(b)(4). Appellants, who had argued all along in the *Billings Clinic* litigation that the district court had jurisdiction to reach the merits of their claims, now see things differently: they contend that the district court lacked jurisdiction to enter the judgment against them, and that the judgment thus should be deemed void.

The district court denied appellants' Rule 60(b)(4) motion for relief from the final judgment in the *Billings Clinic* litigation. Appellants now appeal from the district court's denial of their motion. They alternatively ask us to issue a writ of mandamus directing the district court to reopen their cases and remand the claims to the agency for further action by the Board.

II.

We first consider appellants' motion under Rule 60(b)(4) for relief from the final judgment entered against them in the *Billings Clinic* litigation. We review the district court's denial of appellants' motion de novo. *United States v. Philip Morris USA Inc.*, 840 F.3d 844, 849 (D.C. Cir. 2016).

As the Supreme Court has explained, "Rule 60(b) . . . provides an exception to finality that allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269–70 (2010) (citations

and internal quotation marks omitted). One of those circumstances arises under Rule 60(b)(4), which permits a court to grant a party relief from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4).

Because "a motion under Rule 60(b)(4) is not a substitute for a timely appeal," a "judgment is not void . . . simply because it is or may have been erroneous." *Espinosa*, 559 U.S. at 270 (citations and internal quotation marks omitted). Rather, "a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *Id.* And "[t]he list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id.*

In particular, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271. Appellants make no claim of a due process violation here. The sole issue, then, is whether the judgment entered against them in the *Billings Clinic* litigation represents "the rare instance" of a judgment involving "a certain type of jurisdictional error," one signifying the kind of "fundamental infirmity that . . . may be raised even after the judgment becomes final." *Id.* at 270–71.

What sort of jurisdictional error qualifies? As the Supreme Court observed in *Espinosa*, "[f]ederal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *Id.* at 271 (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)); *see United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661

(1st Cir. 1990); *Nemaizer*, 793 F.2d at 65 (2d Cir.); *Gordon v. Monoson*, 239 F. App'x 710, 712 n.3 (3d Cir. 2007); *Wendt v. Leonard*, 431 F.3d 410, 414–15 (4th Cir. 2005); *In re G.A.D., Inc.*, 340 F.3d 331, 336 (6th Cir. 2003); *Hunter v. Underwood*, 362 F.3d 468, 476 (8th Cir. 2004); *DiRaffael v. California Mil. Dep't*, 593 F. App'x 679, 680 (9th Cir. 2015); *Gschwind v. Cessna Aircraft Co*., 232 F.3d 1342, 1345–46 (10th Cir. 2000); *Matthews, Wilson & Matthews, Inc. v. Cap. City Bank*, 614 F. App'x 969, 971 (11th Cir. 2015). Under that "arguable basis" standard, a "total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction." *Boch Oldsmobile,* 909 F.2d at 661; *see Espinosa*, 559 U.S. at 271 (quoting same language from *Boch Oldsmobile*). Only in the former situation could it be said that "the court that rendered [the contested] judgment lacked even an 'arguable basis' for jurisdiction," *Espinosa*, 559 U.S. at 271 (quoting *Nemaizer*, 793 F.2d at 65).

We will adhere to that generally accepted approach and apply the "arguable basis" standard here. It is true, as appellants point out, that we declined to apply the arguable basis standard in one specific situation in *Bell Helicopter Textron, Inc. v. Islamic Republic of Iran*, 734 F.3d 1175, 1179 (D.C. Cir. 2013). That case involved a default judgment entered against a foreign sovereign who did not appear to defend itself from the suit, but who later moved to vacate the judgment against it under Rule 60(b)(4) based on a contention that the issuing court had lacked jurisdiction by virtue of the Foreign Sovereign Immunities Act. *Id*. at 1177–78.

While we declined to apply the arguable basis standard in that circumstance, we explained that we did so "[b]ecause Iran never appeared in the district court proceeding resulting in the default judgment." *Id.* at 1182. We noted that, when a party knows about an action against it but believes that the court lacks jurisdiction, it has "a right to ignore the proceeding at [its]

own risk but to suffer no detriment if [its] assessment proves correct." *Id.* at 1181 (internal quotation marks omitted). In that particular context, we reasoned, the "arguable basis standard would create a high risk for parties who choose not to appear." *Id.* at 1181–82.

Of salience here, we distinguished the many decisions applying the arguable basis standard on the ground that, in those cases, "the objecting party had appeared in the challenged proceeding" or was in privity with a party who had appeared. *Id.* at 1182. Those cases, unlike *Bell Helicopter*, then did not involve a defendant who had "declined to enter an appearance altogether; nor was the defendant a foreign sovereign." *Id.* This case likewise does not involve a foreign sovereign who had declined to enter an appearance in the previous litigation, the specific situation addressed in *Bell Helicopter*.

Because the considerations that led us away from the arguable basis standard in the circumstances of *Bell Helicopter* are absent here, we apply that standard in this case, in accordance with the approach generally followed by the federal courts. *Espinosa*, 559 U.S. at 271. Under that standard, we ask whether this is the kind of "exceptional case in which" the district court "lacked even an arguable basis for jurisdiction" to enter its judgment against appellants in the *Billings Clinic* litigation. *Id.* (internal quotation marks omitted). We conclude that there was at least an arguable basis for the district court's exercise of jurisdiction over the merits of appellants' challenges.

Recall that, in determining that it could decide the merits of appellants' claims without any remand to the Board, the district court reasoned that the Board was "without authority to decide" appellants' challenges for purposes of the EJR provision. 42 U.S.C. § 1395oo(f)(1). Appellants now contend

that the district court's rationale for exercising jurisdiction over their claims was inconsistent with our subsequent decision in *Allina Health*. The district court, appellants now argue, was obligated to remand their claims to enable the Board to consider granting EJR rather than proceed directly to reach the merits of appellants' claims.

Regardless whether appellants are correct about the district court's proffered rationale for exercising jurisdiction over the merits of their claims, there was still a separate, arguable basis for the court's jurisdiction to do so. In fact, that arguable basis is one that appellants themselves advanced and urged our court to accept in the *Billings Clinic* appeal, after our decision in *Allina Health*: that any requirement to remand to the Board was waivable, and the Department had expressly waived it. That argument was (and still is) at least arguably correct.

That argument begins with the recognition that, in addition to the EJR route to district-court review, 42 U.S.C. § 1395oo(f)(1) also generally allows for judicial review "of any final decision of the Board." The Board dismissed appellants' claims on the ground that appellants had failed to adhere to certain agency filing procedures. There is no dispute that the Board's administrative dismissals were "final decisions" on appellants' claims, which, at a minimum, conferred jurisdiction in the district court to review those dismissals. The only question is whether the district court's jurisdiction also—or at least arguably also—enabled the court to reach the merits of appellants' challenges without remanding to the Board. And the answer to that question turns on the proper interpretation of § 1395oo(f)(1)'s "final decision" language.

The term "final decision" can be understood to contain two components: a requirement to present claims to the agency, which the agency cannot waive, and a requirement to

exhaust administrative remedies, which the agency can waive. In *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Supreme Court adopted precisely that interpretation of the same words "final decision" in § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), which provides for judicial review of final decisions of the Social Security Administration. 424 U.S. at 328. Insofar as the same understanding applies to § 1395oo(f)(1), it is undisputed that (i) appellants satisfied the non-waivable obligation to present their claims to the Board, and (ii) the Department expressly waived the obligation to exhaust administrative remedies before the Board. The pivotal issue then is whether the latter obligation is in fact waivable.

In light of *Eldridge*, there is at the very least an arguable basis for the proposition that § 1395oo(f)(1)'s obligation to exhaust administrative remedies is waivable. Again, appellants themselves made precisely that argument in the *Billings Clinic* appeal. And, significantly, appellants did not strike out on their own in making that argument: multiple courts of appeals have relied on *Eldridge*'s interpretation of "final decision" in 42 U.S.C. § 405(g) to conclude that the same language in 42 U.S.C. § 1395oo(f)(1) likewise contains an exhaustion component that is waivable. *Queen of Angels/Hollywood Presbyterian Med. Ctr. v. Shalala*, 65 F.3d 1472, 1481–83 (9th Cir. 1995); *V.N.A of Greater Tift Cnty., Inc. v. Heckler*, 711 F.2d 1020, 1024–25, 1025 nn.7–8 (11th Cir. 1983). *See also St. Francis Hosp. v. Bowen*, 802 F.2d 697, 701 (4th Cir. 1986); *Rhode Island Hosp. v. Califano*, 585 F.2d 1153, 1157–58, 1161 n.6 (1st Cir. 1978). While our court has not addressed that precise issue, we have looked to *Eldridge's* interpretation of "final decision" in 42 U.S.C. § 405(g) when construing the same words in § 1395oo(f)(1). *Ass'n of Am. Med. Colls. v. Califano*, 569 F.2d 101, 109–10, 110 n.75 (D.C. Cir. 1977). Putting that all together, it seems nearly inarguable that at least an arguable basis for jurisdiction existed in this case.

In nonetheless maintaining that there is no arguable basis supporting the notion that § 1395oo(f)(1)'s exhaustion obligation is waivable, appellants attempt to rely on *Smith v. Berryhill*, 139 S. Ct. 1765 (2019). In *Berryhill*, the Supreme Court reiterated *Eldridge*'s conclusion that 42 U.S.C. § 405(g) contains a waivable requirement to exhaust administrative remedies. 139 S. Ct. at 1773–74, 1779. And the Court further observed that, if the agency dismisses a claim and a reviewing court disagrees with the ground for dismissal, "there would be jurisdiction for [the] court to proceed to the merits." *Id.* at 1779. All of that supports the notion that the district court here had jurisdiction to reach the merits of appellants' claims. And although the Supreme Court went on to explain that a court might be well served if it were to remand to enable the agency to address a merits issue in the first instance, *id.* at 1779–80, that prudential concern does not go to a court's jurisdiction. At any rate, the Court specifically noted that "remand may be forgone" if—as happened here—"the Government joins the claimant in asking the court to reach the merits," *id.* at 1780 n.21.

Appellants' remaining arguments cast no additional doubt on the existence of at least an arguable basis supporting the district court's jurisdiction to grant judgment against them in the *Billings Clinic* litigation. Consequently, appellants cannot obtain relief from that final judgment under Rule 60(b)(4) based on the district court's ostensible lack of jurisdiction to have entered it. In light of that disposition, this opinion does not reach the question whether, if relief under Rule 60(b)(4) were otherwise available, it would be foreclosed in the circumstances of this case by law-of-the-case principles, the law-of-the-circuit doctrine, or the mandate rule. *See* Concurring Op.

13

III.

Appellants have not only appealed the denial of their Rule 60(b)(4) motion, but they have also petitioned for a writ of mandamus directing the district court to reopen their cases and remand the claims to the Board for further consideration. A writ of mandamus, however, may issue only when "the party seeking issuance of the writ" has "no other adequate means" to obtain the relief desired. *Cheney v. United States Dist. Ct.*, 542 U.S. 367, 380 (2004) (citation omitted). Because appellants could seek the relief they desire under Rule 60(b)(4), they cannot obtain mandamus relief.

Appellants appear to seek mandamus only as a fallback measure, in the event that the district court were understood to have never entered judgment against them. If so, appellants posit, they could not secure relief under Rule 60(b)(4), which presupposes the existence of a final judgment from which relief could be granted. It is clear, though, that the district court did enter judgment against appellants. The court granted summary judgment in favor of the Department, thereby resolving all claims by all the hospitals, including appellants. *See Billings Clinic*, 901 F.3d at 312. *See also* Wright & Miller, Fed. Prac. & Proc. § 3914.28 (A grant of summary judgment is final when it "completely dispos[es] of all claims among all parties."). Appellants had an adequate means of seeking relief from that judgment—a motion under Rule 60(b)(4), which they have filed, and which the district court denied, a decision they have now appealed. And because a petition for a writ of mandamus cannot be "used as a substitute for the regular appeals process," *Cheney*, 542 U.S. at 380–81, appellants' petition must be denied.

14

\* \* \* \* \*

For the foregoing reasons, we affirm the judgment of the district court, and we deny the petition for a writ of mandamus.

*So ordered.*

RANDOLPH, *Senior Circuit Judge*, concurring,

A combination of the law-of-the-case doctrine, the law-of-the-circuit doctrine, and the mandate rule deprived the district court of authority to grant the hospitals' Rule 60(b) motion.

Years ago there was a circuit split on the issue whether a district court needed leave of the court of appeals to consider a Rule 60(b) motion after an appeal and remand. 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2873 (3d ed. 2020) (collecting cases). The concern? Flouting the appellate mandate. *See Home Indem. Co. v. O'Brien*, 112 F.2d 387, 388 (6th Cir. 1940) (per curiam).

The Supreme Court settled the issue in *Standard Oil v. United States*, 429 U.S. 17, 18–19 (1976) (per curiam). The Court explained: "Like the original district court judgment, the appellate mandate relates to the record and issues then before the court, and does not purport to deal with possible later events. Hence, the district judge is not flouting the mandate by acting on the motion." *Id.* at 18.

Ever since, district courts have entertained Rule 60(b) motions without first obtaining leave of their court of appeals. Put aside the exception noted in *Standard Oil* for later developments that may have altered earlier judgments. Nothing of the sort applies here.

The law-of-the-case doctrine and the mandate rule still stand. "It is clear that a Rule 60(b) motion cannot be used simply to reopen the court of appeals decision, a principle that may be expressed by stating that a district court lacks 'jurisdiction' to reconsider the appellate decision." *Federal Practice and Procedure* § 4478.3.[1]

---

[1] The circuits are split on whether the mandate rule is jurisdictional. *United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir.

2

Other circuits have recognized, and our court should too, that a Rule 60(b) motion raising only an issue already decided on appeal violates the mandate rule and the law-of-the-case doctrine.[2] "[A] district court does not have jurisdiction to alter an appellate ruling where the appellate court has already considered and rejected the basis for the movant's Rule 60(b) motion."[3]

Several circuits have resolved similar cases along these lines.[4] We should do the same.

---

2007) (collecting cases). Our circuit has described the mandate rule in authoritative terms. A district court "is *without power* to do anything which is contrary to either the letter or spirit of the mandate[.]" *City of Cleveland v. Fed. Power Comm'n*, 561 F.2d 344, 346 (D.C. Cir. 1977) (quoting *Yablonski v. United Mine Workers*, 454 F.2d 1036, 1038 (D.C. Cir. 1971), *cert. denied*, 406 U.S. 906 (1972)) (emphasis added).

[2] *DeWeerth v. Baldinger*, 38 F.3d 1266, 1270 (2d Cir. 1994), *cert. denied*, 513 U.S. 1001 (1994); *Altizer v. Larson*, 929 F.2d 691 (4th Cir. 1991) (unpublished per curiam); *Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982); *Gulf Coast Bldg. & Supply Co. v. Int'l Brotherhood of Elec. Workers, Local No. 480*, 460 F.2d 105, 107 (5th Cir. 1972).

[3] *DeWeerth*, 38 F.3d at 1270 (discussing *Eutectic Corp. v. Metco, Inc.,* 597 F.2d 32, 34 (2d Cir. 1979) (per curiam)); *see also FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1273 (10th Cir. 1998); *Fine v. Bellefonte Underwriters Ins. Co.*, 758 F.2d 50, 52 (2d Cir. 1985), *cert. denied*, 474 U.S. 826 (1985).

[4] *See Davis v. Cnty. of Alleghany*, 788 F. App'x 828, 829–30 (3d Cir. 2019); *Barnheim v. Jacobs*, 144 F. App'x 218, 222–23 (3d Cir. 2005); *Turpin v. United States*, 28 F.3d 1211, *2–3 (4th Cir. 1994); *Larson*, 929 F.2d at 691; *see also In re Marshall*, 754 F. App'x 566, 568–69 (9th Cir. 2019); *LSLJ P'ship v. Frito-Lay, Inc.,* 920 F.2d 476,

3

This brings me to the specific basis for the hospitals' Rule 60(b) motion. The claim is this: the original judgment of the district court is void for lack of subject-matter jurisdiction.

But our court has already determined that it did not have to answer that question in order to reach the merits of the hospitals' claims. *Billings Clinic v. Azar*, 901 F.3d 301, 312 (D.C. Cir. 2018); *Billings Clinic*, Oral Arg. 1:28–12:05. There the court held: the judgment on the merits is affirmed irrespective of subject-matter jurisdiction over these hospitals. *Billings Clinic*, 901 F.3d at 312, 315. It follows that this court has already rejected the basis for the hospitals' Rule 60(b) motion.

A brief look at the underlying doctrines confirms this result.

Consider "the law-of-the-case doctrine: the *same* issue presented a second time in the *same case* in the *same court* should lead to the *same result*." *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc). The "doctrine applies to questions decided 'explicitly or by necessary implication.'" *Id.* at 1394 (quoting *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C. Cir. 1995)). There is no jurisdictional exception. *Id.*

Our court decided that it had a "clean jurisdictional slate" to reach the merits. *Billings Clinic*, 901 F.3d at 312. The court essentially applied a one-plaintiff rule — something courts often do in questions of standing. *See, e.g.*, *Ams. for Safe Access v. DEA*, 706 F.3d 438, 443 (D.C. Cir. 2013). Accordingly, the court affirmed the judgment against *all* plaintiffs. J.A. 7–8. It is now law-of-the-case that the court need not resolve subject-matter jurisdiction over these hospitals. *See Billings Clinic*, 901 F.3d at 312; *LaShawn A.*, 87 F.3d at 1393–94. Yet the hospitals

477–79 (7th Cir. 1990).

4

raise the same issue again.  They question the cleanliness of that jurisdictional slate. But they now seek a different result.  We must reject that inconsistency.  To do otherwise is "the antithesis of the rule of law."  *LaShawn A.*, 87 F.3d at 1393.

"The procedural setting of this case calls for an even stronger than usual version of the law-of-the-case doctrine."  *Id.* at 1395.  The court is also bound by the law-of-the-circuit.  "The *same issue* presented in a *later case* in the *same court* should lead to the *same result.*"  *Id.* at 1393.  In *LaShawn*, the court held that the law-of-the-circuit doctrine, along with law-of-the-case doctrine, applied to a second appeal following remand to the district court.  *Id.* at 1395.  The same question of subject-matter jurisdiction presented in this later appeal in the same court must lead to the same result.

The mandate rule further compels this result.  *DeWeerth*, 38 F.3d at 1270.  On a "clean jurisdictional slate," the court "affirm[ed] the judgment of the district court" as to all plaintiffs. *Billings Clinic*, 901 F.3d at 312, 315.  And the court issued its mandate.  Mandate, ECF No. 90.  The hospitals now use Rule 60(b) to question that decision of the circuit.  *See* Pls.' Mot. for Partial Vacatur, ECF No. 92.  But the district court lacks authority to review the mandate of the circuit.  *See City of Cleveland*, 561 F.2d at 346; *see also DeWeerth*, 38 F.3d at 1270.

In sum, the district court lacked authority to grant this Rule 60(b) motion because our court had already rejected the basis for the motion.  That binds the district court, the parties, and a later panel of this court.