679 F.2d 336
 Barry Lynn SEESE, Reinaldo Irizarry, Jr., Martin Ramos and
Marcos Torres, Administrator for the estate of
Jose Torres, Deceased, Appellees,
v.
VOLKSWAGENWERK, A.G., a West German Corporation and
Volkswagen of America, Inc., a New Jersey
Corporation, Appellants.
 No. 81-2842.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6) May 24, 1982.
Decided June 4, 1982.
 
 John T. Dolan, David J. Sheehan, John H. Klock, Crummy, Del Deo, Dolan & Purcell, Newark, N. J., for appellants; Herzfeld & Rubin, P. C., New York City, of counsel.
 Harold Ungar, John J. Buckley, Jr., Williams & Connolly, Washington, D. C., for appellees; Henry H. Wallace, Wallace, Chapas & Gravina, Pittsburgh, Pa., of counsel.
 Before SEITZ, Chief Judge, and SLOVITER and BECKER, Circuit Judges.OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 A car accident in North Carolina gave rise to this diversity case brought in the District Court for the District of New Jersey. The jury awarded plaintiffs-appellees a verdict for nearly $2 million on two claims, one based on a theory of strict liability and the other based on a theory of negligence in failing to design a crashworthy vehicle. On appeal, this court held that the law of North Carolina, which controls this case, would not recognize the strict liability cause of action, although it would recognize the negligence cause of action. See Seese v. Volkswagenwerk, A.G., 648 F.2d 833 (3d Cir. 1981). This court denied defendants' petition for rehearing on June 26, 1981. On August 14, 1981, the United States Court of Appeals for the Fourth Circuit ruled that North Carolina would not recognize the negligence theory. See Wilson v. Ford Motor Co., 656 F.2d 960 (4th Cir. 1981) (per curiam). On August 18, defendants moved for stay of mandate and for leave to file a second petition for rehearing, relying on Wilson. This court denied the motions. The United States Supreme Court denied defendants' petition for certiorari on October 5, 1981. Volkswagenwerk, A.G. v. Seese, 102 S.Ct. 330 (1981). This court on October 15 issued its mandate affirming the judgment of the district court.
 
 
 2
 On October 15, defendants returned to the district court and moved under Federal Rule of Civil Procedure 60(b)(6) for relief from the judgment, relying on Wilson. The district court denied the motion, and defendants appeal. This court now has jurisdiction under 28 U.S.C. § 1291 (1976).
 
 
 3
 The district court stated at the hearing on defendants' rule 60(b)(6) motion that:
 
 
 4
 The fact of the matter is that this litigation is over. It is final. It has gone through District Court, Third Circuit, rehearings, cert. petitions to the Supreme Court of the United States, cert. denied.
 
 
 5
 Even if it were true, which (Wilson ) doesn't make it true, that we have incorrectly guessed as to what North Carolina law would ultimately be, that would not be cognizable under Rule 60 at this time.
 
 
 6
 We believe the district court's analysis was substantially correct. The district court is without jurisdiction to alter the mandate of this court on the basis of matters included or includable in defendants' prior appeal. See Eutectic Corp. v. Metco, Inc., 597 F.2d 32, 34 (2d Cir. 1979); Tapco Products Co. v. Van Mark Products Corp., 466 F.2d 109, 110 (6th Cir. 1972).[1]
 
 
 7
 It is true, as defendants assert, that under Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), federal courts must "apply state law ... in accordance with the then controlling decision of the highest state court," as long as the matter is sub judice. Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 543, 61 S.Ct. 347, 350, 85 L.Ed. 327 (1941). We note that sub judice "means 'under judicial consideration' or in court and not yet decided." Black's Law Dictionary 1277 (5th ed. 1979). We thus hold that the Supreme Court's denial of certiorari ended this litigation, and the case was not sub judice when the defendants made their rule 60(b)(6) motion.
 
 
 8
 Defendants argue that the present case is controlled by Huddleston v. Dwyer, 322 U.S. 232, 64 S.Ct. 1015, 88 L.Ed.2d 1246 (1944) (per curiam). Huddleston, however, is plainly and fairly distinguishable. In that case, petitioners in their second petition for rehearing had brought to the attention of the United States court of appeals an intervening, possibly controlling state court decision.[2] The court of appeals denied the petition. The United States Supreme Court granted certiorari and vacated the court of appeals' judgment for reconsideration in light of the state court decision. In the present case, however, the Supreme Court denied certiorari.
 
 
 9
 Our holding that the present case was not sub judice when defendants made their rule 60(b)(6) motion reconciles the Eutectic, Tapco, and Vandenbark cases. While a case is on appeal, that case is sub judice for whichever appellate court is considering the appeal, and the appellate court must follow the teaching of Vandenbark. However, once a case has been appealed as far as it can be, and a final disposition of the case has been achieved, then the case is not sub judice and the principle of Eutectic and Tapco controls.
 
 
 10
 We will affirm the district court's order denying the rule 60(b)(6) motion.
 
 
 
 [1]
 Standard Oil Co. v. United States, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976) (per curiam), is not to the contrary. In that case the Supreme Court held that a district court could consider a rule 60(b) motion to reopen a case, which had been appealed, without seeking leave of the appellate court to recall its mandate. The Court stated that, "the appellate mandate relates to the record and issues then before the court, and does not purport to deal with possible later events. Hence, the district judge is not flouting the mandate by acting on the motion." Id. at 18. In the present case, however, the basis of the rule 60(b)(6) motion was before this court and the Supreme Court, and thus could not be considered by the district court. See Commonwealth of Puerto Rico v. SS Zoe Colocotroni, 601 F.2d 39, 41 n.2 (1st Cir. 1979), cert. denied, 450 U.S. 912, 101 S.Ct. 1350, 67 L.Ed.2d 336 (1981)
 
 
 [2]
 We note that in the instant case defendants do not claim an intervening state court decision. We assume, but expressly do not decide, that the Vandenbark principle is to some extent applicable where there is an intervening decision of the federal court of appeals that is, by virtue of its location, most familiar with the relevant state law
 Thus, this case was in a comparable position to Huddleston at the point when defendants moved before this court for a stay of mandate and leave to file a second petition for rehearing.