

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2005

# Bernheim v. Jacobs

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3016

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Bernheim v. Jacobs" (2005). *2005 Decisions.* Paper 953.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/953

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3016
_____

L. ANDREW BERNHEIM
v.
DR. MARTIN JACOBS, ET AL.
(DC. Civil No.00-6297)

L. ANDREW BERNHEIM
v.
DR. MARTIN JACOBS, ET AL
(D.C. Civil No.02-935)

L. Andrew Bernheim, Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Nos.00-6297 & 02-935)

District Judge: The Honorable William G. Bassler

_____

Submitted Under Third Circuit LAR 34.1(a)
May 10, 2005
_____

Before: SLOVITER and FISHER, <u>Circuit</u> <u>Judges</u>.
and POLLAK,[*] <u>District</u> <u>Judge</u>.

_____

[*]Honorable Louis H. Pollak, District Judge for the United States District Court of
the Eastern District of Pennsylvania, sitting by designation.

1

(Filed   June 28, 2005)

_____

OPINION

_____

POLLAK, District Judge:

This is an appeal from an order of the United States District Court for the District

of New Jersey denying a Fed. R. Civ. P. 60(b) motion filed by L. Andrew Bernheim

("Bernheim") for relief from an underlying summary judgment order.  For the reasons

stated below, we conclude that the District Court was without jurisdiction to entertain the

Rule 60(b) motion and hence the judgment of the District Court should be vacated and the

case remanded with a view to dismissal of the motion for lack of jurisdiction.

## I.

Since we write primarily for the parties, we will recite only those facts that are of

particular pertinence, together with the procedural history.[1]  This litigation originated in

the District Court when Bernheim initiated two separate pro se actions[2] against an

_____

[1]The full background of this litigation is set out in the District Court's opinion
granting summary judgment. *See In Re Bernheim Lit*., 290 B.R. 249 (D.N.J. 2003).

[2]The District Court noted, "Although Bernheim represents himself, he has
appeared before this Court several times with 'ad hoc' New York Counsel and once with
New Jersey Counsel, appearing as a 'friend'.  Bernheim has had and continues to have
legal assistance in this matter." *In Re Bernheim Lit*., 290 B.R. at 252 n. 2.  Bernheim is
formally represented by counsel in the present appeal.

2

overlapping group of defendants.[3]  In the first action, filed on December 29, 2000,

Bernheim alleged that, after he had filed for Chapter 11 bankruptcy, a group of individual

defendants – Dr. Martin Jacobs, Steven Trenk, Alvin Trenk and Jeffrey Claman –

"actively solicited the sale of his equitable interest in a partnership called Township

Village Associates" (TVA).[4]  *In Re Bernheim Lit.*, 290 B.R. 249, 252 (D.N.J. 2003).

Bernheim alleged that defendants' actions violated the bankruptcy code's automatic stay

provision (11 U.S.C. § 362) and gave rise to state law causes of action for tortious

interference with contract, fraudulent conversion of property, unjust enrichment, and

creation of a constructive trust.  *Id.*  After the District Court denied defendants' motion to

dismiss, the parties entered into settlement negotiations.  On October 25, 2001, Bernheim

notified the court that he had reached a settlement agreement with all defendants except

Claman and TVA.  However, the District Court did not approve the settlement agreement

or stipulation of dismissal "because of concerns over whether the Agreement had been

entered in good faith and without overreaching by Defendants." *Id.* at 253 (citing July 30,

2002 Op. at 4 and 13).  Instead, the court scheduled an evidentiary hearing to examine the

settlement agreement and the circumstances under which it was reached.

On March 4, 2002, after the parties had notified the court of the settlement, but

before the court scheduled the hearing, Bernheim filed the second action alleging that the

---

[3]The District Court consolidated the two actions on February 28, 2003.

[4]Air Pegasus, Inc., Techtron Inc., Continental Choice Case, Inc., and/or its successors in interest, and Township Village Associates were also named as defendants.

conduct at issue in the first action violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(b) and (c), and the corresponding New Jersey racketeering statute, N.J. Stat. Ann. § 2C:41-2(b) and (c).[5] On April 8, 2002, defendants moved to dismiss the RICO complaint, contending that the October 25, 2001 settlement agreement mandated its dismissal.

On November 8, 2002, following the evidentiary hearing regarding settlement, the District Court notified the parties that it would entertain a renewed motion to dismiss or a motion for summary judgment with respect to both actions. The defendants promptly moved for summary judgment on the ground that all of Bernheim's claims were time-barred by a six-year statute of limitations. In opposition, Bernheim argued that (1) because his "TVA interest relates to underlying real property," the applicable statute of limitations period was 20 years; (2) the statute of limitations should have been tolled due to his alleged insanity;[6] or (3) the statute of limitations should be equitably tolled. On

---

[5]With the exception of Claman, all of the defendants in the first action were also named in the second action. Also named as defendants in the second action were David Trenk, Penny Trenk, Richard Trenk, Larry Trenk, Abigail Trenk, Jeffrey Trenk, Dorothy Lew o/k/a Dorothy Zip, the estate of Joseph Trenk, the estate of Molly Trenk, Stanley Amsterdam, Judy Amsterdam, and the estate of Phyllis Trenk.

[6]In 1985, United States Bankruptcy Judge William H. Gindin appointed a guardian *ad litem* for Bernheim for the purpose of four consolidated bankruptcy proceedings. In 1999, Bernheim filed a motion to terminate the appointment. In response to that motion, Judge Gindin entered an order declaring Bernheim to "once again be sane, competent, and no longer in need of guardianship as of November 22, 1999." The 1999 order further stated that from September 1, 1985 through November 22, 1999, Bernheim "lacked the ability and capacity, due to mental affliction, to care for his property or transact business, understand and pursue his lawful rights, or understand the nature or effect of his acts."

February 28, 2003, the District Court granted defendants' motion for summary judgment on the ground that all claims were time-barred.

Bernheim filed a timely Notice of Appeal to this court. However, despite receiving three extensions of time, he failed to file a timely brief. This court's order granting the third and final extension of time stated: "The time for filing Appellant's brief and appendix will not be extended again. Failure to file and serve Appellant's brief on or before November 24, 2003 will result in dismissal of this appeal." Despite this clear instruction, Bernheim did not file a brief by November 24, 2003. Instead, on November 18, 2003, he filed a motion to compel production of documents and a request for yet another extension of time to file his brief. On December 29, 2003, this court dismissed his appeal. Bernheim subsequently filed a petition for rehearing, contending that he had received assurances from personnel in the Third Circuit Clerk's Office that, if he filed a motion to compel and for another extension of time prior to November 24, 2003, his appeal would not be dismissed. That petition for rehearing was denied.

Unsuccessful at the appellate level, Bernheim returned to the District Court and filed a Rule 60(b) motion for relief from the February 28, 2003 summary judgment order.[7]

Based on this language, Bernheim contended that Judge Gindin found him to be insane as of 1985.

[7]Rule 60(b), in pertinent part, reads, "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment."

5

The motion sought relief under Rule 60(b)(1) on the grounds that Bernheim's failure to file a timely brief in the Third Circuit was due to "excusable neglect" and that the District Court had committed legal error constituting "mistake". Alternatively, the motion sought relief from the District Court's legal error under Rule 60(b)(6) in the interests of justice.

The District Court denied Bernheim's motion as an inappropriate attempt to "circumvent the Third Circuit's dismissal of his appeal". The Court dismissed Bernheim's excusable neglect argument on the ground that, "while [the] circumstances that Plaintiff argues constitutes 'excusable neglect' pertain to why the Court of Appeals should reconsider its dismissal of his appeal, they in no way relate to why *this* Court should revisit its decision to enter summary judgment in favor of Defendants" (emphasis in original). With regard to Bernheim's contention that he was entitled to relief from legal error under 60(b)(1), the District Court noted that the Third Circuit has not yet decided whether legal error may be characterized as "mistake" within the meaning of Rule 60(b)(1). The District Court acknowledged:

> While some circuits (and Courts within the Third Circuit) have rejected the contention that legal error can constitute 'mistake' under Rule 60(b)(1), *see, e.g., Silk v. Sandoval*, 435 F.2d 1266 (1st Cir.), cert. denied, 402 U.S. 1012 (1971); *Cunningham v. Riley*, 2003 WL 21383723, at *3 (D. Del. June 12, 2003), even those circuits that have allowed such characterization have done so only where the motion is made within the time allowed for appeal. *See Page v. Schweiker*, 786 F.2d 150, 155 (3d. Cir. 1986) (citing examples).

Accordingly, the District Court ruled, "even assuming that the Third Circuit decides that

Fed. R. Civ. P. 60(b).

6

legal error can constitute 'mistake', Plaintiff is nevertheless precluded from relief under Rule 60(b)(1) because his motion was filed well beyond the time to appeal, almost one year after the entry of this Court's final judgment." Finally, the District Court denied Bernheim relief pursuant to Rule 60(b)(6) on the ground that "it is well-established by the Third Circuit that 'legal error does not by itself warrant the application of Rule 60(b). The correction of legal errors committed by the district courts is the function of the Court of Appeals . . . ." (quoting *Martinez-McBean v. Gov't of V.I.*, 562 F.2d 908, 912 (3d. Cir. 1977).

## II.

In the present appeal, Bernheim argues that, even after this court dismissed his appeal and denied his petition for rehearing, the District Court was free to make its own determination about whether his failure to file a timely brief was due to "excusable neglect," and erred in not addressing that argument on the merits. Bernheim also renews his contention that the District Court erred in entering summary judgment for the defendants because the court: (1) did not determine whether the parties had entered into a binding settlement before inviting defendants-appellees to file a motion for summary judgment; (2) did not toll the statute of limitations during the period of Bernheim's alleged insanity; (3) applied the wrong statute of limitations; and (4) improperly rejected Bernheim's equitable tolling argument.

At the outset, we must decide whether the District Court had jurisdiction to rule on

7

Bernheim's Rule 60(b) motion. This court has held that, when reviewing a Rule 60(b) motion brought following an appeal, district courts are "without jurisdiction to alter the mandate of this court on the basis of matters included or includable in [the party's] prior appeal." *Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336 (3d Cir. 1982). The *Seese* court reconciled this holding with the Supreme Court's decision in *Standard Oil v. United States*, 429 U.S. 17 (1976) by explaining:

> In that case the Supreme Court held that a district court could consider a rule 60(b) motion to reopen a case, which had been appealed, without seeking leave of the appellate court to recall its mandate. The Court stated that, "the appellate mandate relates to the record and issues then before the court, and does not purport to deal with possible later events. Hence, the district judge is not flouting the mandate by acting on the motion." *Id*. at 18. In the present case, however, the basis of the rule 60(b)(6) motion was before this court and the Supreme Court, and thus could not be considered by the district court. *Id*. at 337.

Read together, *Standard Oil* and *Seese* distinguish between a Rule 60(b) motion based on matters that were before the court on appeal, which may not be reviewed subsequently by the district court, and a Rule 60(b) motion based on matters that come to light after the appellate court has issued a decision, which properly may be reviewed by the district court.

In his opposition to appellees' motion to dismiss his original appeal, and again in his petition for rehearing of this court's December 29, 2003 order dismissing that appeal, Bernheim set forth the basis for his "excusable neglect" claim. In those submissions, he informed this court that his multiple requests for extra time to file his brief were "not of

8

[his] doing" but were necessitated by a medical condition that interfered with his ability to prepare the brief and by appellees' failure to provide him with trial exhibits. He also explained in detail that he failed to file a timely brief only because he had relied on misinformation from the Clerk's Office. We are satisfied that the basis of Bernheim's "excusable neglect" claim was before this court on appeal and, as a result, the District Court lacked jurisdiction over that claim under Rule 60(b)(1).

We next consider whether the District Court had jurisdiction over Bernheim's "legal error" claim, as to which he proceeded under Rule 60(b)(1) and (6). Because this court dismissed Bernheim's appeal, it did not have occasion to consider whether the District Court erred in granting appellees' summary judgment motion. However, this court's inability to review the District Court's decision was the result of Bernheim's failure to file a brief within the time this court had specified. All of the legal error arguments presented to the District Court in the Rule 60(b) motion were "includable" in Bernheim's prior appeal and did not turn on events that occurred after the appeal was dismissed. Accordingly, under *Seese*, the District Court lacked jurisdiction to entertain the "legal error" aspect of Bernheim's motion.

Even assuming that the District Court had jurisdiction over the Rule 60(b) motion based on legal error, however, Bernheim would not be entitled to relief from this court. We review the denial of Rule 60(b) relief for an abuse of discretion. *See, e.g. Coltec Industries, Inc. v. Hobgood*, 280 F.3d 262, 269 (3d. Cir. 2002). An appeal from a denial

9

of a motion under Rule 60(b) brings up for review only the denial of the motion itself and not the merits of the underlying judgment. *Rankin v. Heckler,* 761 F.2d 936, 942 (3d. Cir. 1985) (collecting cases). The District Court was well within its discretion to conclude that, although this court has not yet decided whether legal error may be characterized as a "mistake" under Rule 60(b)(1), because Bernheim filed his motion well after the time to appeal had expired, he was not entitled to relief under that provision. The District Court's further decision to deny Bernheim relief under Rule 60(b)(6) is consistent with our holding that "[s]ince legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6)." P*ridgen v. Shannon,* 380 F.3d 721, 728 (3d. Cir.2004) (quoting *Martinez-McBean v. Gov't of V.I.,* 562 F.2d 908, 912 (3d Cir.1977)); *Page,* 786 F.2d at 155 n. 3. Once this court dismissed his appeal, Bernheim's sole avenue to challenge the District Court's summary judgment order was to file a petition for certiorari in the Supreme Court.

III.

In sum, we conclude the that the District Court lacked jurisdiction of Bernheim's Rule 60(b) motion. By entertaining the motion, and denying it on its merits, the District Court gave the motion longer shrift than it was entitled to. Accordingly, we will vacate the judgment of the District Court and remand with instructions to dismiss the motion for lack of jurisdiction.