**ALD-045**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2822
_____

GINA RUSSOMANNO,
                              Appellant

v.

SUNOVION PHARMACEUTICALS; IQVIA INC

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-19-cv-05945)
District Judge:  Honorable Freda L. Wolfson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary
Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
_____

No. 22-2823
_____

GINA RUSSOMANNO,
                              Appellant

v.

DAN DUGAN; JENNA YACKISH;
TREVOR VOLTZ; ERIC WEEDON;
SUNOVION PHARMACEUTICALS INC

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-20-cv-12336)
District Judge:  Honorable Freda L. Wolfson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary
Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 8, 2022

Before: HARDIMAN, RESTREPO, and BIBAS, <u>Circuit Judges</u>

(Opinion filed: December 29, 2022)

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Gina Russomanno appeals from an order of the District Court

denying her motions to reopen two cases pursuant to Federal Rule of Civil Procedure

60(b).  For the following reasons, we will summarily affirm.  <u>See</u> 3d Cir. L.A.R. 27.4; 3d

Cir. I.O.P. 10.6.

In 2019, Russomanno filed a lawsuit against her former employers, Sunovion

Pharmaceuticals, Inc. (Sunovion), and IQVIA, Inc., for wrongful termination.  The

District Court granted the defendants' motions to dismiss the complaint with prejudice in

May 2020.  Russomanno did not appeal from that decision.  Shortly thereafter,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

2

Russomanno filed another lawsuit against Sunovion and four of its employees. Based on res judicata, the District Court again dismissed the complaint with prejudice in May 2021. This Court affirmed the District Court's ruling on appeal. See Russomanno v. Dugan, No. 21-2004, 2021 WL 4075790 (3d Cir. 2021) (per curiam). Russomanno subsequently petitioned this Court for a writ of mandamus directing the District Court to reopen her first case; we denied the petition on August 30, 2022.

Russomanno then filed motions in the District Court to reopen each of her cases. She argued that the District Court erred in dismissing her complaints without affording her leave to amend. The District Court denied both motions, and Russomanno filed two appeals, which have been consolidated.

We have jurisdiction under 28 U.S.C. § 1291. We review a District Court's denial of a Rule 60(b) motion for abuse of discretion. Cox v. Horn, 757 F.3d 113, 118 (3d Cir. 2014) (citing Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003)). "A district court abuses its discretion when it bases its decision upon a clearly erroneous finding of fact, an erroneous conclusion of law, or an improper application of law to fact." Id. at 118 (citing Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999)).

Here, Russomanno alleged in both of her motions to reopen that new evidence of the defendants' discrimination discovered during the course of her first action warranted vacatur of the judgments. First, with respect to her second case, Russomanno has already presented her argument regarding newly discovered evidence to this Court on appeal, and this Court nevertheless affirmed the District Court's judgment. Thus, because

3

Russomanno essentially sought to alter our mandate, the District Court correctly determined that it was without jurisdiction to grant her Rule 60(b) motion as to that case. See Seese v. Volkswagenwerk, A.G., 679 F.2d 336, 337 & n.1 (3d Cir. 1982) (per curiam). Regarding her first case, to the extent that her motion to reopen was brought under Rule 60(b)(1)-(3), the District Court correctly denied it, as it was filed in September 2022, more than one year after the entry of the respective judgment. See Fed. R. Civ. P. 60(c)(1). We further agree with the District Court's determination that Russomanno failed to allege the existence of any "extraordinary circumstances" warranting relief from either judgment pursuant to Rule 60(b)(6). Cox, 757 F.3d at 115 (quotation marks omitted). Though she contends that the District Court should have allowed her to amend her complaints, Russomanno's disagreement with the outcome of her cases does not warrant relief under Rule 60(b). See Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988) ("[A] Rule 60(b) motion may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion."), overruled on other grounds by Lizardo v. United States, 619 F.3d 273, 276-77 (3d Cir. 2010).

Accordingly, because this appeal does not present a substantial question, we will affirm the judgments of the District Court. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.