**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3157
_____

CATHERINE FERNANDEZ,
                                        Appellant

v.

BOARD OF PEMBERTON TOWNSHIP;
PEMBERTON TOWNSHIP H.S.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-20-cv-08600)
District Judge: Honorable Renée Marie Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2023

Before: KRAUSE, PHIPPS, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 20, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Catherine Fernandez appeals from an order dismissing her motion under Fed. R. Civ. P. 60(b). We will affirm.

Fernandez filed this suit raising claims relating to injuries that she claimed to have suffered from her daughter's treatment in school. The District Court, after allowing Fernandez to amend her complaint, dismissed it with prejudice both as barred by the statute of limitations and for failure to state a claim. Fernandez filed both a motion for reconsideration and a notice of appeal. The District Court denied reconsideration, and we affirmed the dismissal of the complaint. See Fernandez v. Bd. of Pemberton Twp., No. 21-1820, 2021 WL 5984974 (3d Cir. Dec. 16, 2021). We also denied Fernandez's petition for rehearing.

While Fernandez's petition for rehearing was pending in our Court, she filed with the District Court the Rule 60(b) motion at issue here. Fernandez challenged both grounds for dismissing her complaint, but she did not rely on any new law or new facts. Instead, she relied on the allegations of her complaint and on documents she previously submitted, and she merely repeated arguments that both the District Court and our Court already had rejected. After we denied Fernandez's petition for rehearing, the District Court dismissed her Rule 60(b) motion on the ground that the court lacked jurisdiction to entertain arguments that we had rejected. Fernandez appeals.

We have jurisdiction under 28 U.S.C. § 1291 and will affirm for the reasons explained by the District Court. See Seese v. Volkswagenwerk, A.G., 679 F.2d 336, 337

2

& n.1 (3d Cir. 1982) (per curiam).[1] On appeal, Fernandez continues to argue positions that we previously rejected, including by quoting from the brief that she filed in her prior appeal. She argues that she "is not being heard," but she has been heard at length—the District Court dismissed her complaint and denied reconsideration, and we affirmed the dismissal of her complaint and denied rehearing. Fernandez's repetition of previously rejected arguments does not state grounds for relief, under Rule 60(b) or otherwise.

For these reasons, we will affirm the judgment of the District Court. Fernandez's motion for leave to further amend her brief is denied.[2]

---

[1] Fernandez did not invoke any specific provision of Rule 60(b), but she argued that the District Court legally erred in dismissing her complaint. A District Court's legal error can constitute a "mistake" that may warrant reopening a judgment under Rule 60(b)(1). See Kemp v. United States, 142 S. Ct. 1856, 1862 (2022). But asserted legal error is not a ground to reopen a judgment in the District Court once it has been raised in and rejected by a Court of Appeals. See Seese, 679 F.2d at 337 & n.1; cf. Kemp, 142 S. Ct. at 1864 (noting the conclusion of some courts that a Rule 60(b)(1) motion is not filed "within a reasonable time" as required by Rule 60(c)(1) when it asserts errors that should have been raised in a timely appeal).

[2] Fernandez obtained two extensions of time before filing her brief, and she later filed an amended brief. Fernandez's present motion does not specify how or why she wants to amend her brief again (or by when). In any event, this appeal is limited to the record that was before the District Court, and it is apparent from that record that Fernandez could not further amend her brief in order to raise any potentially meritorious argument on appeal.