**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3000
_____

GILBERT M. MARTINEZ,
                                        Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cv-01016)
District Judge: Honorable Paul S. Diamond

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on February 20, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: March 1, 2024)

_____

PER CURIAM

Gilbert Martinez appeals pro se from the District Court's order denying his motion under Federal Rule of Civil Procedure 60(b), which sought relief from the final judgment in an action against the Commissioner of the Social Security Administration (SSA). We will affirm.

In March 2022, Martinez filed a complaint in the United States District Court for the Eastern District of Pennsylvania, seeking review of an Administrative Law Judge's denial of his application for supplemental security income. (ECF 2.) Martinez also filed a motion to recuse District Court Judge Paul S. Diamond. (ECF 11.) The District Court denied that motion (ECF 12) as well as Martinez's motions to void an order granting the Commissioner's motion for an extension of time to respond to the complaint. (ECF 25.) Ultimately, the District Court granted the Commissioner's motion to dismiss the complaint, holding that Martinez failed to exhaust administrative remedies within the SSA. (ECF 28.) Martinez appealed. (ECF 29.) We affirmed but modified the judgment to dismiss the complaint without prejudice. Martinez v. Comm'r Soc. Sec., 2023 WL 3597380, at *2-3 (3d Cir. May 23, 2023) (not precedential).[1] We also denied Martinez's petition for rehearing.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] We agreed that Martinez failed to exhaust his administrative remedies and failed to state

2

Thereafter, Martinez filed in the District Court the Rule 60(b) motion at issue here. (ECF 35.) Invoking Rules 60(b)(4), 60(b)(5), and 60(b)(6), Martinez again challenged the dismissal of his complaint, the denial of his recusal motion, and the order granting the Commissioner additional time to respond to the complaint. Martinez did not rely on any new law or new facts; instead, he repeated arguments that both the District Court and our Court already had rejected. The District Court denied the Rule 60(b) motion. (ECF 38.) Martinez timely appealed. (ECF 39.)

We have jurisdiction under 28 U.S.C. § 1291 and generally review an order denying a Rule 60(b) motion for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008) (explaining also that this Court exercises plenary review over orders granting or denying relief under Rule 60(b)(4)). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

"[A] district court is without jurisdiction to alter the mandate of this court on the basis of matters included or includable in [a] prior appeal." Seese v. Volkswagenwerk, A.G., 679 F.2d 336, 337 (3d Cir. 1982) (per curiam). Indeed, "it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal." Martinez-McBean v. Gov't of V.I., 562 F.2d 908, 911 (3d Cir. 1977). Here, Martinez alleged in his Rule 60(b) motion that the District Court erred in

---

a colorable constitutional claim that could confer federal jurisdiction absent a final decision. 2023 WL 3597380, at *2-3. We also rejected Martinez's challenges to the denial of his recusal motion and to the District Court's decision to grant the Commissioner an enlargement of time to respond to the complaint. Id. at *1-2 & n.3.

concluding that he had not exhausted his administrative remedies, in determining that he had not raised a colorable constitutional claim, in granting the SSA an enlargement of time to respond to the complaint, and in rejecting his recusal motion. Because those arguments were asserted – or could have been asserted – in his earlier appeal, the District Court properly rejected Martinez's attempt to proceed under Rule 60(b)(6).[2] Seese, 679 F.2d at 337 n.1 (comparing the circumstances in which a District Court should consider a Rule 60(b) motion under Standard Oil Co. v. United States, 429 U.S. 17 (1976) (per curiam), with those in which a District Court should not).

Accordingly, we will affirm.

---

[2] We also agree with the District Court that these allegations fail to demonstrate that the District Court's judgment was void, see Rule 60(b)(4), or that it was satisfied, released, or discharged, see Rule 60(b)(5).

4