**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2412
_____

JOSEPH ARUANNO,
                                        Appellant

v.

INTERNAL REVENUE SERVICE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:23-cv-00786)
District Judge: Honorable Evelyn Padin

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on December 26, 2024

Before: BIBAS, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed: December 31, 2024)

_____

_____

OPINION[*]

_____

PER CURIAM

In 2022, Joseph Aruanno, a frequent pro se litigant, sought to file an in forma pauperis ("IFP") complaint against the IRS in the United States District Court for the Northern District of California ("the California District Court"). Before ruling on Aruanno's IFP motion, the California District Court transferred his case to the United States District Court for the District of New Jersey ("the District Court"). Upon the transfer, the District Court directed Aruanno to show cause why it should not deny his IFP application given his history of abusive litigation. After Aruanno responded to the show-cause order, the District Court denied Aruanno's IFP application. Aruanno appealed, and we affirmed the District Court's decision.

After our ruling, the District Court provided Aruanno 30 days in which to submit the filing fee for his complaint and notified him that his case could be dismissed if he did not submit it. In response, Aruanno filed another IFP application. The District Court denied his application and provided him 30 more days in which he could pay the fee, warning him that the failure to pay the fee would result in the dismissal of his case. When Aruanno did not submit the required fee, the District Court dismissed his case. Aruanno appeals.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order dismissing Aruanno's case for abuse of discretion. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373–74 (3d Cir. 1992).

Dismissal is a harsh sanction, *see id.* at 1373, but, under the circumstances, the District Court did not abuse its discretion in dismissing the case for Aruanno's failure to pay the fee. Instead of paying the fee, Aruanno continued to seek IFP status despite the District Court's earlier ruling and our affirmance of that ruling on appeal. Furthermore, in arguing in favor of the grant of IFP status, he essentially asked the District Court to do something it may not do, namely, to alter our mandate based on matters that he included (or could have included) in his earlier appeal. *See Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982) (per curiam). While we ordinarily require a district court to balance several factors before dismissing a case for lack of prosecution, *see Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984), that balancing was not necessary in this case, *see Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994); *Guyer v. Beard*, 907 F.2d 1424, 1429–30 (3d Cir. 1990).

Accordingly, we will affirm the District Court's judgment.