**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1778
_____

LAW OFFICES OF BRUCE J. CHASAN, LLC;
BRUCE J. CHASAN, ESQ,
                          Appellants

v.

JOHN M. PIERCE, ESQ.; JAMES D. BAINBRIDGE, ESQ.;
PIERCE BAINBRIDGE BECK PRICE & HECHT, LLP;
BAINBRIDGE LAW APC; PIERCE BAINBRIDGE P.C.;
.JOHN PIERCE LAW P.C.; JOHN DOE ATTORNEYS NOS. 1-10;
JOHN DOE ENTITIES NOS. 1-10
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2:23-cv-00648)
District Judge: Honorable Nitza I. Quiñones Alejandro
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 6, 2025

Before: MATEY, FREEMAN, and ROTH, *Circuit Judges*

(Opinion filed: August 25, 2025)

_____

OPINION[*]
_____

FREEMAN, *Circuit Judge*.

This is the third lawsuit that Bruce Chasan and his law office (collectively, "Chasan") filed to recover contingency fees and related damages from another law firm. The District Court dismissed the complaint, and we will affirm that order.

**I**

In 2017, Chasan filed a lawsuit on behalf of Lenwood Hamilton against the creators of a videogame series. Chasan and Hamilton had a contingency-fee agreement under which Hamilton was to pay litigation costs. The agreement stated that, if Hamilton terminated the agreement before the case ended, Hamilton would be obligated to pay for Chasan's past services at the rate of $450 per hour.

In 2018, Hamilton became unable to afford the litigation costs, so Chasan arranged for another law firm ("the Pierce firm") to fund the litigation and serve as co-counsel. Soon thereafter, Hamilton terminated his agreement with Chasan and retained the Pierce firm to represent him in the videogame case. As of the termination date, Chasan had rendered services valued at over $300,000.

Chasan asked the Pierce firm to pay the attorney fees Hamilton allegedly owed

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Chasan. When the Pierce firm declined, Chasan threatened to sue the firm. In response to that threat, the Pierce firm told Chasan that (1) Hamilton had authorized it to file a legal malpractice action against Chasan, and (2) the Pierce firm wished to pursue a negotiated resolution before either side filed a lawsuit.

Chasan and the Pierce firm engaged in settlement talks and exchanged drafts of a settlement agreement over the course of several months. Ultimately, in November 2018, the Pierce firm told Chasan that settlement negotiations had failed.

One month later, Chasan sued the Pierce firm and various related persons and entities (collectively, "the Pierce parties") for breach of contract, seeking specific performance of an unsigned settlement agreement that the parties discussed in September 2018. That was *Chasan I*—the first of three lawsuits involving these parties. Chasan avers in the present complaint that he "elected [*in Chasan I*] to frame the lawsuit as a breach of contract matter . . . instead of a tort action for wrongful interference with contractual relations" because he believed the former "would be quicker and less complicated." App. 105–06. The strategy was unsuccessful. The district court dismissed *Chasan I* for failure to allege an enforceable contract, and we affirmed the dismissal.

While *Chasan I* was pending on appeal in 2019, Hamilton lost the videogame case. In 2020, after the appeal of *Chasan I* was resolved, Hamilton lost his appeal in the videogame case.

In March 2020, Chasan again sued the Pierce parties, this time relying on theories of tortious interference and unjust enrichment. That was *Chasan II*. The district court dismissed the case in January 2021,[1] and Chasan did not appeal.

In February 2021, Hamilton spoke with Chasan by telephone and complained that the Pierce parties had behaved improperly during the videogame litigation and the settlement negotiations with Chasan. Based on these telephone calls, Chasan filed a motion pursuant to Federal Rule of Civil Procedure 60(b) seeking to reopen *Chasan I*. The district court denied the Rule 60(b) motion, and we affirmed that order in December 2022.

In February 2023, Chasan filed this third lawsuit against the Pierce parties—*Chasan III*. The District Court dismissed the complaint, and Chasan timely initiated this appeal.

## II[2]

The *Chasan III* complaint comprises eight counts. Counts I and II are styled as "equitable actions" to vacate the judgments entered in *Chasan I* and *Chasan II*, respectively, due to fraud. Chasan has since clarified that he brings these counts as "independent action[s] . . . under Rule 60(d)(1)." Chasan Br. at 29; *see also id.* at 45. Counts III through VIII assert various state-law claims. The District Court dismissed

---

[1] *L. Offs. of Bruce J. Chasan, LLC v. Pierce Bainbridge Beck Price & Hecht, LLP* ("*Chasan II*"), No. 2:20-cv-01338, 2021 WL 148406, at *6 (E.D. Pa. Jan. 15, 2021).

[2] As discussed below, the District Court had jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291.

Counts I and II for failure to state a claim, and it dismissed the remaining counts due to preclusion.

**A**

As to the dismissal of Counts I and II, Chasan urges us to apply *de novo* review—the standard applicable to a Rule 12(b)(6) dismissal. *Newark Cab Ass'n v. City of Newark*, 901 F.3d 146, 151 (3d Cir. 2018). The Pierce parties urge us to review the dismissal order for abuse of discretion—the standard applicable to a Rule 60(d) motion. *Jackson v. Danberg*, 656 F.3d 157, 162 (3d Cir. 2011). Where a district court dismisses a Rule 60(d) independent action for failure to state a claim, the proper standard of review is *de novo*. *Herring v. United States*, 424 F.3d 384, 389–90 (3d Cir 2005) (noting that our review takes "full account of the narrow criteria for relief"). Under that standard, we accept all factual allegations in the complaint as true and construe the facts in the light most favorable to Chasan. *Newark Cab Ass'n*, 901 F.3d at 151. "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to state a claim to relief that is plausible on its face." *Id.* (cleaned up).

The District Court properly dismissed Counts I and II.[3] Both counts are based on allegations that Chasan recently discovered the Pierce parties lied about (1) having

---

[3] The Pierce parties contend that the District Court lacked jurisdiction over Counts I and II because those counts seek to vacate this Court's mandates from *Chasan I*. Pierce Br. at 25 (arguing that the mandates we issued in the two *Chasan I* appeals "protect the *Chasan II Judgment*" which was issued on the basis of claim preclusion). Applying *de novo* review, *Weitzner v. Sanofi Pasteur, Inc.*, 819 F.3d 61, 63 (3d Cir. 2016), we disagree. Although a district court lacks jurisdiction to alter a mandate of this Court based on

5

Hamilton's authority to file a malpractice lawsuit against Chasan, and (2) Hamilton's desire to terminate Chasan's representation. The District Court correctly determined that this evidence could not support relief from the judgment in *Chasan I* because it did not cure the fundamental defect in that prior case: that there was no enforceable settlement agreement. *See L. Offs. of Bruce J. Chasan, LLC v. Pierce Bainbridge Beck Price & Hecht, LLP*, 792 F. App'x 195, 200 (3d Cir. 2019) (affirming the dismissal of *Chasan I* where "Chasan's attempt to manufacture a binding agreement by piecing together a series of rejected offers and untimely acceptances finds no support under Pennsylvania law").

Nor does the new evidence cure the defects the District Court identified in *Chasan II*. The District Court ruled that the tortious interference claim in *Chasan II* was barred by claim preclusion. It also ruled that Chasan did not state a claim of unjust enrichment because the Pierce parties were not enriched—they represented Hamilton in the videogame case pursuant to a contingency-fee agreement, so when Hamilton lost the case, they obtained no benefit. Chasan's newly discovered evidence does not affect those legal conclusions. And because Chasan did not appeal the District Court's decision in *Chasan II*, he cannot seek review of that decision now.

---

evidence that could have been included in a prior appeal to us, *see Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982), Counts I and II rely on evidence discovered *after* this Court issued its first mandate in *Chasan I* and that Chasan presented, but this Court did not address, in his second *Chasan I* appeal. So the District Court had jurisdiction to consider those counts. *See id.* at 337 & n.1; *see also In re Bressman*, 874 F.3d 142, 149 (3d Cir. 2017) (noting that the Supreme Court has long recognized the "inherent power of federal courts to vacate a fraudulently obtained judgment").

**B**

The District Court correctly held that Counts III through VIII are barred by claim preclusion.[4]  That doctrine "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit."  *Duhaney v. Att'y Gen.*, 621 F.3d 340, 347 (3d Cir. 2010) (citation omitted).  It applies where there was "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."  *Id.* (citation omitted).

Count III seeks to enforce the settlement agreement at issue in *Chasan I*.  Although that is the same relief sought in *Chasan I*, Chasan argues that the second and third factors of the claim-preclusion standard are unsatisfied.  He is incorrect.  Despite some law-firm mergers and name changes, the instant suit and *Chasan I* involve the same parties or their privies.  And the new facts Chasan alleges in support of Count III do not negate the "essential similarity of the underlying events giving rise to the [new and the prior] claims."  *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991) (citation omitted).  Thus, Count III and *Chasan I* are based on the same cause of action.  *See id.*

Count IV asserts tortious interference in Chasan's contractual relations with Hamilton.  Chasan also brought a tortious-interference claim in *Chasan II*.  Nonetheless, he argues that Count IV is not precluded because there was no judgment *on the merits* of the tortious-interference claim in *Chasan II*—instead, that claim was dismissed on the

---

[4] We apply *de novo* review of dismissals for claim preclusion.  *Smith & Wesson Brands, Inc. v. Att'y Gen. of New Jersey*, 105 F.4th 67, 72 (3d Cir. 2024).

7

grounds of claim preclusion. *Chasan II*, 2021 WL 148406, at \*4–5. But even if Count IV is not precluded by *Chasan II*, it is precluded by *Chasan I* for the same reasons that Count III is precluded by *Chasan I*. Chasan all but concedes this point when he avers that he could have brought a tortious-interference claim in *Chasan I* but chose not to. App. 105–06; *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020) ("[C]laim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated.").

The remaining counts assert fraud (Counts V and VI), civil conspiracy (Count VII), and aiding and abetting fraud (Count VIII). These tort claims appear for the first time in the *Chasan III* complaint. But new legal theories do not make new causes of action for claim-preclusion purposes. *Gregory v. Chehi*, 843 F.2d 111, 117 (3d Cir. 1988) ("A single cause of action may comprise claims under a number of different statutory and common law grounds." (citation omitted)).

Chasan asserts that he could not have brought Counts V through VIII until he learned of their factual basis during his February 2021 telephone calls with Hamilton. But the facts Chasan learned during those telephone calls do not change the gravamen of his claims. Counts V through VIII—like the claims in *Chasan I* and *Chasan II*—arise from Hamilton's decision to replace Chasan with the Pierce firm and the ensuing settlement discussions between Chasan and the Pierce firm. Thus, these counts are barred by claim preclusion. *See id.*

\*      \*      \*

Because the District Court properly rejected Chasan's attempts to litigate his failed claims a third (and hopefully final) time, we will affirm the order dismissing the *Chasan III* complaint.[5]

---

[5] Appellees have moved for a filing injunction against Chasan. The circumstances presently do not warrant an injunction, so that motion is denied.