**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3203
_____

JOHN W. FINK,
Appellant

v.

JONATHAN L. BISHOP; KAYDON A. STANZIONE; JOSEPH M. TROUPE;
STEVEN W. DAVIS; SUEZ WTS USA INC; JOHNSON CONTROL SECURITY
SOLUTIONS LLC; EDGELINK, INC.; PRAXIS TECHNOLOGIES CORPORATION;
J. PHILIP KIRCHNER; FLASTER GREENBERG P.C.;
PRAXIS TECHNOLOGIES, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:23-cv-00566)
District Judge:  Honorable Christine P. O'Hearn
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 27, 2025

Before:  SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: August 29, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant John Fink appeals pro se from text orders of the District Court denying him leave to file certain pleadings pursuant to a standing pre-filing injunction order. For the following reasons, we will affirm the District Court's orders.

Fink filed four civil actions against the same defendants for claims arising out of a series of credit agreements and a subsequent settlement between Fink and Advanced Logic Systems, Inc. ("ALSI"). Fink lost on summary judgment in the first two cases, and the last two cases were dismissed on preclusion grounds. See Fink v. Bishop, No. 21-2651, 2022 WL 4533855, at *1 (3d Cir. Sept. 28, 2022) (per curiam). In December 2020, Fink filed a "complaint" attacking the various judgments, and purportedly seeking relief pursuant to Federal Rule of Civil Procedure 60(d) for fraud on the court. The complaint was dismissed, and we affirmed. See id. at *2.

Undeterred, Fink filed another "complaint" against the same defendants pursuant to Rule 60(d), alleging that the three District Court judges who presided over the ALSI ligation had violated his due process rights by their "judiciary violations," and that this Court had erred in affirming their decisions on appeal. By order entered February 29, 2024, the District Court dismissed the claims in this "second" complaint against all of the defendants, except Edgelink, Inc., on res judicata grounds. In that same order, the District Court granted motions for sanctions against Fink and issued a pre-filing injunction requiring him to obtain its authorization before filing "further complaints or

2

filings related to this matter and/or against any of these same defendants." ECF No. 125. The District Court subsequently entered an order on May 28, 2024, dismissing the claims against Edgelink, also on res judicata grounds, and again imposing the pre-filing injunction against Fink. We summarily affirmed the District Court's orders. See C.A. No. 24-1581, Order entered July 29, 2024.

Fink later filed three motions in that District Court case seeking authorization, pursuant to the filing injunction, to file motions related to the "second" complaint. By text orders, the District Court denied each of those motions, as well as two motions for reconsideration. Fink timely appeals from those five text orders.

We have jurisdiction to review the District Court's text orders because they deny post-judgment motions. See 28 U.S.C. § 1291; see also Isidor v. Paiewonsky Assocs., Inc. v. Sharp Props., Inc., 998 F.2d 145, 149-50 (3d Cir. 1993). We review a District Court's order enforcing a filing injunction for abuse of discretion. See Abdul-Akbar v. Watson, 901 F.2d 329, 331 (3d Cir. 1990); see also In re Asbestos Prods. Liab. Litig. (No. VI), 718 F.3d 236, 244 (3d Cir. 2013) (deferring to the District Court's interpretation of its own orders).

Each of the motions that Fink sought to file fell squarely within the terms of the pre-filing injunction, and the District Court did not abuse its discretion in denying authorization to file them. First, Fink sought permission to file a "request for a new filing deadline for a Rule 60(b) motion regarding the May 28, 2024 order." ECF No. 151. In

3

denying the motion, the District Court properly noted that Fink had not obtained its authorization to file a Rule 60(b) motion,[1] and in denying Fink's motion for reconsideration of that order as moot, it correctly explained that Fink was well within the time for filing a Rule 60(b) motion. See ECF Nos. 152 & 157. Next, Fink filed a motion for permission to file a second motion for recusal and transfer, we agree with the District Court that the motion lacked a basis in both fact and law. And finally, Fink sought permission to file a motion pursuant to Rule 60(b)(4) to void the District Court's February 29, 2024 order. The District Court denied permission after properly concluding that Fink's allegations were insufficient to warrant relief under Rule 60(b)(4). See ECF No. 176; see also Marshall v. Bd. of Educ., Bergenfield, N.J., 575 F.2d 417, 422 & n.19 (3d Cir. 1978) (noting that a judgment is not void absent a "total want of jurisdiction" or "a clear usurpation of power" (citation omitted)).[2] There was no basis for reconsidering

---

[1] Fink characterizes the District Court's order as "den[ying] my request for filing a Rule 60(b) motion." Appellant's Br. at 51. Not so. The order denied his motion requesting an extension of time to file a Rule 60(b) motion. At that time, Fink had not sought permission to file such a motion.

[2] On appeal, Fink reiterates his argument that the District Court lacked subject matter jurisdiction over his "second" complaint, and that it therefore should have transferred his case to a district court in another circuit. See Appellant's Br. at 38-45. He emphasizes that, in its February 29, 2024 opinion addressing Count II of his complaint, which claimed that "The Third Circuit Deprived Fink of Due Process," ECF No. 1 at 105, the District Court stated that it "undoubtedly lack[ed] jurisdiction to revisit any decision of the Third Circuit as requested" by Fink, ECF No. 124 at 20. Appellant's Br. at 39. The District Court indeed lacked the authority to overturn our decisions in Fink's previous cases. See Seese v. Volkswagenwerk, A.G., 679 F.2d 336, 337 (3d Cir. 1982) (per curiam) (recognizing that district courts are "without jurisdiction to alter the mandate of

4

that denial. In sum, the District Court reasonably denied Fink authorization to file his motions, as he clearly sought to relitigate the underlying matter, which the filing injunction was designed to prevent.

Because we find no abuse of discretion, we will affirm the District Court's orders.[3]

this court on the basis of matters included or includable in [the party's] prior appeal"). But its inability to afford the requested relief did not amount to a total want of jurisdiction. See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010) (noting that courts generally find a "judgment is void because of a jurisdictional defect . . . only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction" (citation omitted)).

[3] Fink's motion to file an overlength brief is denied as moot. His motion to summarily dismiss Appellees J. Philip Kirchner and Flaster Greenberg P.C.'s brief is denied, but his request within that motion to file a reply brief out of time is granted.